UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,                             CRIMINAL NO. 17-20519

v.                                         HON. DAVID M. LAWSON

STEVEN DANIEL GILMORE,

    Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

**I. INTRODUCTION**

On August 31, 2017, the defendant, Steven Daniel Gilmore, pleaded guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 7 & 113(a)(6). He did so pursuant to a Rule 11 Plea Agreement.

As discussed herein, the government requests that the Court sentence Gilmore to **37 months'** imprisonment, that the sentence be imposed to run consecutive to his prior federal sentence, and that he be ordered to serve a three-year term of supervised release.

**II. STATEMENT OF FACTS**

On May 1, 2017, Gilmore was being detained in the West Unit at the Federal Detention Center in Milan, Michigan. He was detained after having been sentenced on federal firearm charges, and he was waiting to be designated to a facility with the Bureau of Prisons.

At approximately 8:00 p.m., a fellow inmate, Carsten Weber, was sitting and watching television in the West Unit common area.

For reasons that remain unclear, Defendant approached Weber and viciously attacked him. Specifically, Defendant punched Weber at least two times in the face, causing Weber to fall to the ground. After Weber was on the ground, Defendant punched Weber again at least one time and kicked Weber at least two times.

Defendant was pulled off of Weber and the men were separated.

Weber received immediate medical treatment at FDC Milan. Later, he was sent out to a hospital for a CT scan.

Weber's suffered extensive injuries from Defendant's blows, including:

- a broken orbital bone around his right eye,
- multiple fractures of his nasal bone and sinus,
- multiple lacerations on the outside of his face and inside his mouth that required stitches,
- a bloodshot eye, and
- swelling and hematomas in the right cheek area.

In the plea agreement, Defendant agreed that Weber's injuries constitute a serious bodily injury under 18 U.S.C. 113(a)(6).

## III. SENTENCING GUIDELINE CALCULATIONS AND OTHER RELEVANT 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The factors most relevant to this case are discussed below, beginning with the Sentencing Guidelines.

**A. The Sentencing Guidelines, 18 U.S.C. § 3553(a)(4) and (5)**

The parties agreed on a sentencing guideline range of 33-41 months in the Rule 11 Agreement based on an offense level of 16 (19-3) and a criminal history category of IV. The Probation Department agreed. (PSR ¶ 27, 38, 80.)

The parties also agree that the sentence in this case shall run consecutive to Defendant's undischarged term of imprisonment in *United States v. Steven Daniel Gilmore*, Case 16-20490 (E.D. Mich.).

3

Defendant did not initially object to the PSR, but the Court allowed him to file late objections after new counsel appeared in this case. Defendant filed those objections on Monday, April 16.

The government responded to Defendant's objections on Friday, April 20. The government does not yet know what the Probation Department's response will be to Defendant's objections (whether it will agree with the Defendant or the government, and why). The government also does not want to repeat is response here. The government will be prepared to present argument about Defendant's objections at the sentencing hearing if it would assist the Court.

The government continues to recommend that the Court find Defendant's guideline range to be **33-41 months**.

## B. The remaining factors under 18 U.S.C. § 3553(a)

The government believes that the Section 3553(a) factors support a sentence of **37 months** in this case, to be imposed consecutive to the sentence imposed in his prior federal case, followed by three years of supervised release.

To begin with, Defendant's offense is extremely serious. Keeping things peaceful and orderly in a prison environment is difficult enough without inmates committing random acts of violence. Defendant chose to intentionally insert violence into that environment by attacking Carsten Weber, and violently punching and kicking him to the point that Weber sustained substantial injuries, including a broken orbital bone.

The reason Defendant assaulted Weber is not entirely clear – though the government has an idea. The government can say, however, that Defendant was not acting in self-defense, and Defendant was not retaliating against Weber for Weber having physically harmed Defendant or anyone else. Defendant simply has no explanation for what he did.

Defendant engaged in this conduct after having accrued a significant criminal history, particularly for such a young man.

The PSR outlines Defendant's entire criminal background, dating back to when Defendant was 18. (PSR ¶¶ 29-35.) Most notable, of course, is his 2016 arrest and conviction for being a felon in possession of a firearm and his role in selling 10 pipe bombs to an undercover agent. A detailed summary of Defendant's disturbing conduct underlying that offense can be found in the government's sentencing memorandum for that case. (Docket #58, Case No. 16-20490.)

Gilmore's sentencing guideline range in that case was 78-97 months. At sentencing on April 4, 2017, the Court in that case gave Defendant a significant variance of more than 22 months below the bottom of the applicable guidelines and sentenced Defendant to 66 months in prison. (PSR ¶ 35.)

Apparently that sentence was inadequate to deter Defendant from committing additional crimes. Less than a month later he viciously assaulted Carsten Weber as the victim sat watching television.

Like most of the defendants in this Court, and according to the PSR, Defendant has experienced his share of difficulties in his life.

Unfortunately, Gilmore simply did not learn from his prior experiences in the criminal justice system, and he did not learn from the sentence imposed just one month earlier in the prior federal case.

Accordingly, the government believes that a sentence of **37 months**, which is at the midpoint of the applicable guideline range, is necessary in this case to punish Gilmore, to deter him (and others in the community), and to protect the public. Such a sentence would be "sufficient, but not greater than necessary" as required by 18 U.S.C. § 3553(a).

Finally, with respect to restitution, the government has not yet received any restitution requests from any victims in this case, such as Weber or the Bureau of Prisons (which had to pay for Weber's medical care). Even so, the parties have been working toward a resolution of the restitution issue. If a resolution is not reached by the time of sentencine, the parties will petition the Court for a restitution hearing to occur within 90 days of sentencing.

## IV. CONCLUSION

For the reasons stated above, the United States recommends a term of incarceration of **37 months**, to be served consecutive to the sentence imposed in Case No. 16-20490, followed by a three year term of supervised release.

                                      Respectfully submitted,

                                      MATTHEW SCHNEIDER
                                      United States Attorney

                                      *s/Andrew J. Lievense*
                                      Andrew J. Lievense
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, MI  48226
                                      andrew.lievense@usdoj.gov
Dated: April 23, 2018                 (313) 226-9665

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

   Richard Korn

I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

   None.

*s/Andrew J. Lievense*
Andrew J. Lievense
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
andrew.lievense@usdoj.gov
(313) 226-9665
